

Houston Goddard
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Randal Lee Osburn

# United States District Court
## Eastern District of Washington
Hon. Wm. Fremming Nielsen

| | |
|---|---|
| United States, | No. 2:13-cr-2131-WFN |
| Plaintiff, | Supervised Release Brief |
| v. | |
| Randal Lee Osburn, | |
| Defendant. | |

Randy Osburn will appear before the Court and admit to smoking marijuana following his most recent appearance on January 25, 2021.[1] Randy has previously admitted to using marijuana on numerous occasions between January 2020 and September 2020, which led to his termination from the RRC; twice leaving inpatient substance abuse treatment, which was meant to address his marijuana use; and drinking alcohol in June 2020.[2]

The Court has expressed its frustration with Randy's continued violations, which (apart from the alcohol violation eight months ago) are all tied to marijuana. While Randy recently completed inpatient substance abuse treatment, it is apparent that supervision is not effectively curbing his marijuana use. Apart from that marijuana use, Mr. Osburn is leading an entirely commendable life—he is employed and has stable housing living with his girlfriend (whom Randy's supervising Probation Officer describes as a "positive influence").[3] Randy understands the Court may revoke his supervision, and he will accept whatever sanction the Court opts to impose. Based on his demonstrated rehabilitation apart from his marijuana use, Randy will ask the Court not to impose another term of supervision.

The purpose of supervised release is to assist those leaving prison with their rehabilitation and reintegration back into society. The Supreme Court has recognized

---

[1] ECF No. 105.
[2] ECF Nos. 50, 65, 72, 80, 81, 83, 93, 97, 104.
[3] ECF No. 100.

that "supervised release fulfills rehabilitative ends," and Congress has aptly stated that "the primary goal [of supervised release] is to ease the defendant's transition into the community[.]"[4] The U.S. Probation Office is tasked with helping supervisees with that reintegration by providing drug treatment, mental health counseling, vocational training, and many other services. They do a commendable job. They are also tasked with monitoring supervisees and informing the courts when a supervisee has violated his conditions—and those conditions must include a prohibition on using marijuana.

While using marijuana is prohibited for everyone on federal supervision, it is clear from our laws, policies, and customs that marijuana use is increasingly accepted in the community. This is due in no small to recent scientific studies showing the positive medical benefits of marijuana—including findings that marijuana may help individuals "cope with depression and anxiety, leading to fewer suicides among young adult males."[5] Today, every Washingtonian not on federal supervision may use marijuana without fear of adverse legal consequences—and countless people, from all walks of life, do so.

---

[4] *United States v. Johnson*, 529 U.S. 53, 59 (2000); S. Rep. No. 98-225, at 124 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3307.

[5] *See* Silvia Irimescu, *Marijuana Legalization: How Government Stagnation Hinders Legal Evolution and Harms a Nation*, 50 Gonz. L. Rev. 241, 249 (2015), citing and quoting Mark Anderson, Daniel I. Rees, and Joseph J. Sabia, *High on Life? Medical Marijuana Laws and Suicide*, 17 RES. BRIEFS IN ECON. POL'Y (Jan. 7, 2015), at 2.

But, for now, marijuana remains illegal for all purposes under federal law. While the federal government does not pursue cases against simple marijuana possession and use, federal supervisees continue to face revocation (and incarceration) for such marijuana possession and use. This means that, while everyone else in the state of Washington may use marijuana without fear of legal repercussions, federal supervisees who are otherwise living productive and law-abiding lives face a continuous cycle of supervision and incarceration should they use marijuana.

In Randy's case, this cycle risks the substantial and hard-fought progress he has made. Like so many others caught up in the criminal justice system, Randy comes from a broken home. Growing up, he was the victim of both physical and sexual abuse. Almost everyone he knew did time in jail. As an adult, he ended up homeless and in-and-out of county jail before doing six years in federal prison. Randy finished his federal time 16 months ago, and he has (for the first time in his adult life) thrived. He has a job and stable housing living with his girlfriend, who successfully completed federal supervision and has helped Randy achieve the success she herself found with the help of Probation. Randy is living a productive and healthy life.

Transitioning to life in the community after six years behind bars is no mean feat. Randy has done well for himself in establishing a stable and productive life. His issue is his marijuana use. While Randy has never had issues with any other drug, he has used marijuana since he was 10 years old to ease his anxiety and stress.

The Court and Probation have been patient with Randy and attempted to work with him to address his marijuana use. It is rare for the Court to allow violations to remain pending for a full year, but the Court has done so here in recognition of the fact that—apart from his marijuana violations—Randy has done well for himself. He no longer poses a danger to himself or to the community. On the contrary, he has (with the assistance of Probation) achieved precisely what supervision is meant to facilitate: rehabilitation and reintegration into the community.

But, despite his success, Randy has continued to violate the conditions of his supervision. Should the Court opt to revoke his supervision, the defense would note that he has already served 43 days in custody on those violations.[6] Should the Court consider further sanction appropriate, the defense would ask the Court to consider ordering an RRC placement rather than a custodial sentence so that Randy could keep his job.[7]

Regardless of the sanction, the defense will ask the Court not to impose a further term of supervision. The reasons are two-fold: First and foremost, Randy has achieved what his supervision was meant to accomplish (rehabilitation and reintegration into the community)—so further supervision would be unnecessary and an inefficient use of

---

[6] Randy turned himself in to the Spokane County Jail on September 30, 2020, and was released on November 11, 2020. *See* ECF Nos. 95, 98.

[7] Should the Court impose a custodial sentence, the defense would ask that the Court recommend placement at FDC SeaTac and allow Randy to self-report.

Probation's limited resources. Secondly, Randy's actions suggest that even Probation's best and most patient efforts will not curb his marijuana use—so further supervision would likely continue the endless and unproductive cycle of supervision and prison, risking the stability and success Randy has achieved.

Dated: February 23, 2021

                                      Federal Defenders of Eastern Washington & Idaho
                                      Attorneys for Randal Lee Osburn

                                        s/ J. Houston Goddard
                                        J. Houston Goddard, NY #4545851

## SERVICE CERTIFICATE

I certify that on February 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorney James Goeke.

                                        s/ J. Houston Goddard
                                        J. Houston Goddard, NY #4545851